**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SHANE EVANYK, | DOCKET NUMBER |
| Appellant, | DA-0752-24-0287-I-1 |
| v. | |
| U.S. POSTAL SERVICE, | DATE: April 27, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shane Evanyk, Ladonia, Texas, pro se.

Roderick Eves, Esquire, Mark Anthony Koupal Jr., Esquire, and
  Richard G. Saliba, Esquire, St. Louis, Missouri, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which found that the agency proved the unacceptable conduct charge, the appellant did not prove that the agency violated his due process rights, and the removal penalty was reasonable for the sustained misconduct. On petition for review, the appellant asserts, among other things, that the administrative judge erred in her

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

analysis of specifications 1, 3, 5-6, and 8, improperly decided his due process claim, and neglected his medical condition. Petition for Review (PFR) File, Tab 1. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's due process analysis and to discuss certain penalty factors, we AFFIRM the initial decision.

On review, the appellant challenges the administrative judge's decision to sustain specifications 1, 3, 5-6, and 8.[2] PFR File, Tab 1 at 6-7. We have considered his assertions, but a different outcome is not warranted. For example, regarding specification 1, the appellant does not dispute that he was on duty as a Postmaster on the date in question, Initial Appeal File (IAF), Tab 9 at 50, and sold his personal property (two Cluster Box Units) to a Postal Service customer on Postal Service property. He also testified that he understood that he was not to misuse his Postmaster position for private gain or to sell personal property while on duty or on postal property. IAF, Tab 9 at 80, Tab 25-8 (testimony of the

---

[2] The appellant does not challenge the administrative judge's finding that the agency proved nexus, and neither party challenges her decision not to sustain specifications 2, 4, and 7. Initial Appeal File, Tab 27 at 5-10. We affirm the initial decision in this regard.

appellant). We agree with the administrative judge that the agency proved that the appellant committed the described misconduct and the misconduct was improper and unsuitable. *Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010); *Miles v. Department of the Army*, 55 M.S.P.R. 633, 637 (1992). Additionally, the appellant does not dispute that he shared his log-on credentials in March 2023 (as described in specification 3) or that he was responsible for securing agency funds and there was a $51.00 shortage on June 21, 2023 (as described in specification 8). Even if we did not sustain specification 5, we would still find that the agency proved the unacceptable conduct charge based on the other sustained specifications. *See, e.g., Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (stating that, when more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge).

On review, the appellant asserts that the administrative judge applied the wrong law or applied the law incorrectly when she analyzed his claim of a due process violation and that she neglected his medical conditions. PFR File, Tab 1 at 5 (citing *Bowman v. Small Business Administration*, 122 M.S.P.R. 217 (2015), *Kolenc v. Department of Health & Human Services*, 120 M.S.P.R. 101 (2013), *Woebcke v. Department of Homeland Security*, 114 M.S.P.R. 100 (2010), *overruled by Singh v. U.S. Postal Service*, 2022 MSPB 15, and *Payton v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-14-0055-I-1, Final Order (Jan. 29, 2015)).

Regarding due process, the appellant does not explain how the administrative judge erred or what evidence in the record supports a different conclusion. *See, e.g., Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (stating that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record). However, we modify the initial

decision to supplement the administrative judge's analysis. Because the administrative judge did not sustain specification 2, we have also evaluated the appellant's claim of a due process violation, involving the deciding official's consideration of his inconsistent statements to a customer about alternate vendors, with respect to the sustained specifications and the charge as a whole. *See, e.g.*, *Boss v. Department of Homeland Security*, 908 F.3d 1278, 1281-82 (2018) (stating that "constitutional due process analysis should be applied on a charge-by-charge basis").

The Board will consider the following factors, among others, to determine whether consideration of ex parte information is constitutionally impermissible: (1) whether the ex parte information merely introduces "cumulative" information or new information; (2) whether the employee knew of the error and had a chance to respond to it; and (3) whether the ex parte information was of the type likely to result in undue pressure upon the deciding official to rule in a particular manner. *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1377 (Fed. Cir. 1999); *Howard v. Department of the Air Force*, 118 M.S.P.R. 106, ¶ 5 (2012). Ultimately, the inquiry of the Board is whether the ex parte information is so substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances. *Stone*, 179 F.3d at 1377. If a due process violation is found, the administrative judge must reverse the agency's action and order the agency to restore the appellant until he is afforded a "new" and "constitutionally correct" removal procedure. *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279 (Fed. Cir. 2011) (quoting *Stone*, 179 F.3d at 1377). However, if the ex parte information is not sufficiently substantial to rise to the level of a due process violation, then "the Board [is] required to run a harm[ful] error analysis to determine whether the procedural error require[s] reversal." *Id.* at 1281.

Even if we determined that the deciding official considered new information and the appellant did not know of the information or have a chance to

respond to it, there is no evidence that her consideration of the appellant's inconsistent statements on such a minor and tangential issue resulted in any undue pressure on her to rule in a particular manner on any of the specifications or the charge. *Stone*, 179 F.3d at 1377. Thus, we conclude that there was no due process violation. The appellant fares no better under a harmful procedural error analysis. Even if we determined that the deciding official committed an error in this regard, the appellant has not persuaded us that the agency would have reached a different conclusion in the absence or cure of the error. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991).

Regarding the penalty, we have considered the appellant's assertion that the administrative judge did not properly consider his medical conditions as a mitigating factor and the consistency of the penalty with those imposed upon other employees for the same or similar offense. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305 (1981); PFR File, Tab 1 at 5-7. However, for the following reasons, a different outcome is not warranted.

Evidence that an employee's medical conditions and/or mental impairment played a part in the charged conduct is ordinarily entitled to considerable weight as a mitigating factor. *Malloy v. U.S. Postal Service*, 578 F.3d 1351, 1357 (Fed. Cir. 2009); *Bowman*, 122 M.S.P.R. 217, ¶ 13. The administrative judge did not explicitly discuss the appellant's medical conditions as a mitigating factor in the initial decision, but she did mention his "personal struggles," and the deciding official discussed his medical and mental health conditions in the decision letter and in her testimony. IAF, Tab 9 at 25, Tab 25-4, 25-5 (testimony of the deciding official), Tab 27 at 15. We have explicitly considered the appellant's medical and mental health conditions in our evaluation of the penalty. We agree with the deciding official that the appellant has not explained how these conditions related to the sustained misconduct or otherwise warranted mitigation of the penalty. IAF, Tab 9 at 25, Tab 25-4, 25-5 (testimony of the deciding official).

Regarding the consistency of the penalty with those imposed upon other employees for the same or similar offense, we are not persuaded that the appellant has identified any proper comparators. Although the appellant may have identified other employees who shared log-on credentials or overpaid a clerk and were not disciplined, he has not identified any comparator who engaged in the same overall misconduct, i.e., who also sold personal property on agency premises for personal gain and failed to secure agency funds. The Board has held that the relevant inquiry is whether the agency knowingly and unjustifiably treated employees differently. *Singh*, 2022 MSPB 15, ¶ 14. Because of the quantitative and qualitative differences in the misconduct between the appellant and the purported comparators, the agency reasonably treated the appellant differently than the other employees.[3]

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of

---

[3] We need not address the appellant's assertion on review regarding discrimination and other affirmative defenses because he waived these claims before the administrative judge. IAF, Tab 22 at 5; *see Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶ 18 (setting forth a nonexhaustive list of factors relevant to determine whether an appellant waived or abandoned a previously-identified affirmative defense).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.